**CV 14-5659**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

**JEFFREY JEFFERS**                                           Docket No.:

Plaintiff,

-against-

**THE CITY OF NEW YORK, THE NEW YORK CITY**        **COMPLAINT AND**
**POLICE DEPARTMENT, and NEW YORK CITY**           **DEMAND FOR**
**POLICE OFFICERS "JOHN DOES" 1 THROUGH 2,**       **JURY TRIAL**


Defendants.

------------------------------------------------------------------X

TAKE NOTICE, the Plaintiff, **JEFFREY JEFFERS**, hereby appears in this

action by and through his attorney, **PAMELA S. ROTH, ESQ.**, for his COMPLAINT,

and demands that all papers be served upon, at the address below, in this matter, and

alleges upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiff, **JEFFREY JEFFERS**,

seeks relief for the defendants' violation of his rights secured by the Civil rights Act of

1871, 42 U.S.C. § 1983, and of rights secured by the Fourth and Fourteenth Amendments

to the United States Constitution, and of rights secured under the laws and Constitution of

the State of New York. The plaintiff seeks damages, compensatory and punitive,

affirmative and equitable relief, an award of costs, interest and attorney's fees, and such

other and further relief as this Court deems equitable and just.

## II. JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a), this being an action seeking redress for the violation of plaintiff's constitutional and civil rights.

3.      Jurisdiction is also invoked herein pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983.

4.      The Plaintiff respectfully requests that this Court exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein, and as against all parties that are so related to claims in this action within the original jurisdiction of this court that are formed as part of the same case or controversy.

5.      Venue herein is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391(a), (b) and (c).

## III.    PARTIES

6.      Plaintiff, **JEFFREY JEFFERS** is fifty-two (52) years of age and resides at 643 Willoughby Street, Brooklyn, New York 11206, and all times he has been a resident of the United States of America, the State of New York and the County of Kings.

7.      That the Defendant, THE CITY OF NEW YORK, (hereinafter referred to as the "CITY"), was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      That the Defendant, NEW YORK CITY POLICE DEPARTMENT, (hereinafter referred to as the "POLICE DEPARTMENT"), is a police department and

agency of the City of New York duly authorized and existing pursuant to the laws and ordinances of the State and City of New York.

9.      Defendant, THE CITY OF NEW YORK, is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant, THE CITY OF NEW YORK, assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

10.     That the Defendants, POLICE OFFICERS "JOHN DOES" 1 THROUGH 2, (hereinafter referred to as the "JOHN DOES"), such names being fictitious because the actual names of these defendants are unknown at the time this Complaint is served, were at all times herein relevant police officers employed by the City of New York Police Department.

11.     That Defendants "JOHN DOES" are and were at all times relevant to this action herein, duly appointed and acting officers, servants, employees and agents of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK.

12.     That Defendants "JOHN DOES" are and were at all times relevant to this action herein, acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant, THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and

were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

13. On March 8, 2013, Defendants, "JOHN DOES", were on duty and assigned to the 83rd Precinct and serving under Tax Registry No. unknown at this time.

14. At all times relevant, Defendants, "JOHN DOES", were a duly appointed and acting police officers of the New York City Police Department assigned to the 83rd Police Precinct located at 480 Knickerbocker Avenue, County of Kings, the City and State of New York.

15. On March 8, 2013, Defendants, POLICE OFFICERS "JOHN DOE" 1 THROUGH 2, were on duty and assigned to the 83rd Precinct and serving under Tax Registry No. unknown at this time.

16. At all relevant times, the individual defendants were acting pursuant to their authority as New York City Police Department employees. Notwithstanding their unconstitutional and unlawful conduct, the actions of the individual defendants were taken in the course of their duties and were incidental to their otherwise lawful function as agents, servants and employees of the New York City Police Department.

17. At all relevant times, the individual defendants were agents, servants and employees acting within the scope of their employment.

18. Alternatively, the individual defendants were, at all relevant times, acting outside the scope of their employment.

## V. STATEMENT OF FACTS

19.    On or about March 8, 2013 at approximately 2:45 AM, Plaintiff was lawfully walking on Putnam Avenue near Evergreen Avenue in Brooklyn, New York, Plaintiff stopped by a SUV parked along the street to light a cigarette and shield himself from the wind.

20.    Defendants, POLICE OFFICERS "JOHN DOE" 1 THROUGH 2, were on duty and assigned to the 83rd Precinct jumped out of an unmarked police vehicle and placed Plaintiff in the exclusive custody of the New York City Police Department, its employees, officers and agents, and the Plaintiff was illegally seized, detained, and arrested without just, reasonable or probable cause.

21.    That Defendants, POLICE OFFICERS "JOHN DOE" 1 THROUGH 2, were on duty and assigned to the 83rd Precinct and without probable cause and/or justification or a warrant followed Plaintiff on the street at Putnam Avenue at or near its intersection with Evergreen Avenue and arrested him without informing him of the charges or crime he committed.

22.    Defendants, POLICE OFFICERS "JOHN DOE" 1 THROUGH 2, placed him under arrest, never apprising Plaintiff as to why he was being arrested nor the criminal charges they were filing against him.

23.    Defendants POLICE OFFICERS "JOHN DOE" 1 THROUGH 2, took him to the 83rd Precinct where he was placed in a holding cell for more than 24 hours.

24.    Plaintiff, **JEFFREY JEFFERS**, arraigned and remained in jail for 74 days at Riker's Island as he could not pay the bail and it resulted in a parole violation.

25.    Plaintiff, **JEFFREY JEFFERS**, remained at Riker's Island for 74 days.

26.     All charges were dismissed against Plaintiff.

27.     There was an absence of probable cause for the criminal proceedings and actual malice by the Defendants herein.

28.     Plaintiff, **JEFFREY JEFFERS**, was in police custody, was unlawfully detained and falsely imprisoned for approximately 74 days.

29.     Plaintiff, **JEFFREY JEFFERS**, was in police custody, was unlawfully detained and falsely imprisoned. The unlawful search and seizure was without due process of law and was done to deprive plaintiff of his rights as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

30.     It is alleged that Defendants THE CITY OF NEW YORK and Defendants POLICE OFFICERS "JOHN DOE" 1 THROUGH 2 failed to investigate the facts, and therefore maliciously and intentionally detained, falsely detained, falsely imprisoned, maliciously prosecuted, and humiliated plaintiff, **JEFFREY JEFFERS**, in violation of his constitutional rights.

31.     As a direct result of the above defendants' actions, plaintiff, **JEFFREY JEFFERS**, suffered and continues to suffer mental anguish, deprivation of liberty and privacy, humiliation, shame, emotional distress an damage to reputation, some or all of which may be permanent.

32.     Plaintiff **JEFFREY JEFFERS** suffered greatly and was emotionally traumatized by this excessive detention and imprisonment.

33.     The false criminal arrest of plaintiff, **JEFFREY JEFFERS**, and wrongful imprisonment of plaintiff, **JEFFREY JEFFERS**, because of defendants' knowledge of a

lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

34.     As a direct and proximate result of this unlawful detention and confinement, plaintiff, **JEFFREY JEFFERS**, is fearful of police.

35.     As a direct and proximate result of defendants' actions, plaintiff, **JEFFREY JEFFERS**, was detained, searched and was searched without just or probable cause.

36.     As a direct and proximate result of defendants' actions, plaintiff, **JEFFREY JEFFERS**, was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City and the State of New York.

## AS A FIRST CAUSE OF ACTION FOR RELIEF
Pursuant to 42 U.S.C. §1983 (FALSE ARREST)

37.     Paragraphs 1 through 36 of this complaint are hereby realleged and incorporated by reference as if set forth in full herein.

38.     That Defendants, THE CITY OF NEW YORK, and POLICE OFFICERS "JOHN DOE" 1 THROUGH 2, had no valid evidence for the arrest, detention and imprisonment of **JEFFREY JEFFERS**, nor legal cause or excuse to seize and detain **JEFFREY JEFFERS**.

39.     That in detaining **JEFFREY JEFFERS** without a fair and reliable determination of probable cause, Defendant, THE CITY OF NEW YORK, abused its power and authority as policymaker of the New York City Police Department under the color of State and/or local law.

40. Upon information and belief, it was the policy and/or custom of Defendant, THE CITY OF NEW YORK, to inadequately supervise and train their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

41. As a result of the above described policies and customs, the officers, staff, agents and employees of the Defendant, THE CITY OF NEW YORK, believed their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

42. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of THE CITY OF NEW YORK to the constitutional rights of arrestees and were the cause of the violations of **JEFFREY JEFFERS'** rights alleged herein.

43. By reason of Defendants' acts and omissions, defendants, acting under color of state law and within the scope of its authority, in gross and wanton disregard of **JEFFREY JEFFERS'** rights, subjected **JEFFREY JEFFERS** to an unlawful, illegal and excessive detention, and threatened him with charges of a crimes he did not commit, all in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

44. By reason of the foregoing, **JEFFREY JEFFERS** suffered mental injuries, deprivation of liberty and privacy, terror, humiliation, fear, damage to reputation and other psychological injuries. All of said injuries may be permanent.

**AS A SECOND CAUSE OF ACTION FOR RELIEF**
Pursuant to State Law (FALSE ARREST)

45.     Paragraphs 1 through 44 of this complaint are hereby realleged and incorporated by reference as if set forth in full herein.

46.     That the seizure, detention and imprisonment of **JEFFREY JEFFERS** was unlawful in that Defendant, THE CITY OF NEW YORK, had no probable cause to detain, arrest and/or imprison **JEFFREY JEFFERS**.

47.     That Defendants intended to confine **JEFFREY JEFFERS**.

48.     That **JEFFREY JEFFERS** was conscious of the confinement and did not consent to the confinement.

49.     That the confinement was not otherwise privileged.

50.     By reason of Defendant THE CITY OF NEW YORK's acts and omissions, Defendants THE CITY OF NEW YORK, and POLICE OFFICERS "JOHN DOE" 1 THROUGH 2 acting in gross and wanton disregard of **JEFFREY JEFFERS'** rights, deprived **JEFFREY JEFFERS** of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

51.     That by reason of the foregoing, **JEFFREY JEFFERS** suffered mental injuries, deprivation of liberty and privacy, terror, humiliation, fear, damage to reputation and other psychological injuries.  All of said injuries may be permanent.


**AS A THIRD CAUSE OF ACTION FOR RELIEF**
Pursuant to State Law (RESPONDEAT SUPERIOR)


52.     Paragraphs 1 through 51 of this complaint are hereby realleged and incorporated by reference as if set forth in full herein.

53.     That Defendants, POLICE OFFICERS "JOHN DOE" 1 THROUGH 2, were acting in furtherance of the duties owed to their employer, Defendant, THE CITY OF NEW YORK.

54.     That at all times, Defendants, POLICE OFFICERS "JOHN DOE" 1 THROUGH 2, were acting within the scope of their employment.

55.     That Defendant, THE CITY OF NEW YORK, was able to exercise control over Defendants, POLICE OFFICERS "JOHN DOE" 1 THROUGH 2's activities.

56.     That defendant, THE CITY OF NEW YORK, is liable for Defendants, POLICE OFFICERS "JOHN DOE" 1 THROUGH 2's actions under the doctrine of *respondeat superior.*

57.     By reason of the foregoing, **JEFFREY JEFFERS** suffered mental injuries, emotional injuries, deprivation of liberty and privacy, terror, humiliation, fear, damage to reputation and other psychological injuries.   All of said injuries may be permanent.


## AS A FOURTH CAUSE OF ACTION FOR RELIEF
Pursuant to State Law
(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)


58.     Paragraphs 1 through 57 of this complaint are hereby realleged and incorporated by reference as if set forth in full herein.

59.     By reason of the foregoing, Defendants, POLICE OFFICERS "JOHN DOE" 1 THROUGH 2 of the 83rd Police Precinct, intentionally or recklessly engaged in extreme and outrageous conduct measured by the reasonable bounds of decency tolerated

by decent society thereby intentionally inflicting mental and emotional distress upon the

Plaintiff, **JEFFREY JEFFERS**.

60.     As a consequence thereof, the Plaintiff, **JEFFREY JEFFERS**, has been

injured.

## AS A FIFTH CAUSE OF ACTION FOR RELIEF
### Pursuant to State Law
### (NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES AGAINST THE NEW YORK THE CITY OF NEW YORK POLICE DEPARTMENT)

61.     Paragraphs 1 through 60 of this complaint are hereby realleged and

incorporated by reference as if set forth in full herein.

62.     Upon information and belief, defendant, THE CITY OF NEW YORK,

through the New York City Police Department owed a duty of care to this Plaintiff to

prevent the mental abuse sustained by plaintiff.

63.     Upon information and belief, defendant THE CITY OF NEW YORK,

through the New York City Police Department, owed a duty of care to this Plaintiff

because under the same or similar circumstances a reasonable, prudent and careful person

should have anticipated that an injury to this Plaintiff or to those in a like situation would

probably result from this conduct.

64.     Upon information and belief, Defendants POLICE OFFICERS "JOHN

DOE" 1 THROUGH 2 were unfit and incompetent for their position.

## AS A SIXTH CAUSE OF ACTION FOR RELIEF

65.     Paragraphs 1 through 64 of this complaint are hereby realleged and

incorporated by reference as if set forth in full herein.

66.     That the Plaintiff was thereafter detained, confined and imprisoned against his will, intermittently from the date of his arrest until the date these false charges were disposed of in Plaintiff's favor.

67.     That the Plaintiff's detention, confinement and imprisonment by the Defendants was unlawful, false, wrongful and without probable or reasonable cause without his consent and without justification.

## AS A SEVENTH CAUSE OF ACTION FOR RELIEF

68.     Paragraphs 1 through 67 of this complaint are hereby realleged and incorporated by reference as if set forth in full herein.

69.     That the aforementioned actions of the individual Defendants were perpetuated intentionally, deliberately, maliciously, wantonly and vindictively.

70.     That Defendants POLICE OFFICERS "JOHN DOE" 1 THROUGH 2 waged a campaign of harassment and persecution against the Plaintiff which began prior to the Plaintiff's arrest and continued through and beyond the date of the dismissal of all criminal charges against Plaintiff **JEFFERS.**

71.     That by reason of the foregoing, the individual Defendants are liable to the Plaintiff for Punitive Damages.


## INJURY AND DAMAGES

As a result of the acts and conduct complained of herein, **JEFFREY JEFFERS** has suffered pecuniary losses, emotional pain, suffering, inconvenience, and injury to his reputation, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, **JEFFREY JEFFERS**, respectfully requests that judgment be entered as follows:

1. Awarding **JEFFREY JEFFERS** compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding **JEFFREY JEFFERS** punitive damages in an amount to be determined by a jury;

3. Awarding **JEFFREY JEFFERS** reasonable attorney's fees pursuant to 42 U.S.C. §1988; and

4. Granting such other and further relief as to this Court seems just and proper.

Dated:      Brooklyn, New York
              September 15, 2014

                                        PAMELA S. ROTH PR7124
                                        Attorney for Plaintiff
                                        9118 Fifth Avenue
                                        Brooklyn, New York 11209
                                        (718) 836-9118

TO:

CITY OF NEW YORK
c/o New York City Law Department
Office of the Corporation Counsel
100 Church Street
New York, New York 10007

New York City Police Department
c/o New York City Law Department
Office of the Corporation Counsel
100 Church Street
New York, New York 10007