```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------  X
                                                            :
JEFFREY JEFFERS,                                            :    **MEMORANDUM**
                                                            :    **DECISION AND ORDER**
                              Plaintiff,                    :
                                                            :    14-cv-5659 (BMC)
             - against -                                    :
                                                            :
CITY OF NEW YORK, *et al.*,                                 :
                                                            :
                              Defendants.                   :
----------------------------------------------------------  X
```

**COGAN**, District Judge.

Plaintiff is a serial litigant who brings this action under 42 U.S.C. § 1983, alleging that he was arrested without cause and held for 74 hours. This is the fourth case arising out of separate arrests he has brought in the last two years either in this district or the Southern District of New York. See Jeffers v. City of New York, No. 13 CV 3619 (E.D.N.Y.); Jeffers v. City of New York, No.13 CV 3305 (E.D.N.Y.); Jeffers v. City of New York, No. 13 Civ. 4910 (S.D.N.Y.). In addition to these cases, he has had at least nine others in this district starting as early as 1995 but most of them were commenced in or after 2011.

Most or all of these cases have been brought and settled by plaintiff *pro se*. To the extent information can be gleaned from the dockets, the City of New York generally settles these for between $500-$1100. It thus appears that either plaintiff is a repeat target of unlawful conduct by the New York City Police Department, or that the City has made the decision that it is cheaper to pay him than defend against his cases, notwithstanding the incentivizing effect that approach may have.

The instant case has not been brought *pro se*. The City has moved to dismiss it on the ground that when plaintiff settled the three above-cited cases, he executed a release providing that he released the City

> … and all past and present officials, employees, representatives and agents of the City … from any and all liability, claims, and/or rights of action, from the beginning to the world to the date of this Release, whether known or unknown, that I raised or could have in the Complaint or the Amended Complaint in any of the above-referenced actions … .

Plaintiff's signature on the release was notarized on January 21, 2014. The arrest of which plaintiff complains in the instant case occurred on March 8, 2013.

Plaintiff's attorney failed to oppose the motion to dismiss, and then requested a two-day extension, *nunc pro tunc*, which I granted, so that the opposition would have been due November 19, 2014. It has not been received.

The release is unambiguous. Plaintiff received payment of approximately $1100 per action in exchange for it. It is too well established to require multiple citations that an unambiguous general release entered into at arms' length bars claims of which the releasor knew or should have known prior to his execution of the release. See e.g., Orakwue v. City of New York, No. 11-cv-6183, 2013 WL 5407211 (E.D.N.Y. Sept. 25, 2013) (citing cases).[1] Plaintiff, although *pro se* at the time he signed the release, is an experienced and sophisticated *pro se* litigant, one factor that courts have considered in evaluating the conduct of a party. See Pullman v. Alpha Media Pub., Inc., No. 12-cv-1924, 2014 WL 5043319, at *14 (S.D.N.Y. March 14, 2014) (Report and Recommendation to enforce settlement agreement against *pro se* litigant);

---

[1] I disagree with the dictum in Peterson v. Regina, 935 F. Supp. 2d 628 (S.D.N.Y.2013), which found an ambiguity in the reference to claims that "could have been raised" in the complaint. The Peterson court considered it unclear whether this language was limited to the transactional scope of *res judicata* or incorporated the broader scope of the joinder provisions in the Federal Rules of Civil Procedure. These releases should not be interpreted from a formalistic perspective. It is clear that what the City is looking for is to walk away from a plaintiff for everything that happened prior to his signing the release. The Peterson court noted that most cases have so held.

Jones v. City of Buffalo, No. 96-cv-0739, 1998 WL 214807, at *5 (W.D.N.Y. April 22, 1998) (awarding sanctions against sophisticated *pro se* litigant). Cf. Tracy v. Freshwater, 623 F.3d 90 (2d Cir. 2010) (experienced *pro se* litigant is still entitled to deference, but less deference than an unsophisticated *pro se* litigant). The absence of any opposition to the motion in this case is merely further confirmation of the motion's merit.

Defendants' motion to dismiss is granted. The Clerk is directed to enter judgment dismissing the complaint.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
      November 25, 2014